JOHN H. PARKS, Respondent, *v.* JOHN W. GATES, Appellant.

*Examination of a non-resident defendant before trial — as to an agreement relating to a common adventure — as to profits realized therefrom.*

The complaint in an action alleged that the plaintiff and the defendant with others entered into an agreement to secure the formation of a corporation and the purchase by it of certain property, any profits accruing therefrom to be divided among the parties to the agreement; that the plan was consummated and that the defendant realized therefrom large profits for which he had never accounted to his associates. The relief demanded was that the defendant account to the plaintiff and pay to him his proportionate share of the profits. The answer denied the existence of the alleged agreement.

*Held,* that the plaintiff, upon showing that the defendant was a non-resident, and that the evidence required to prove the making of the agreement and the profits was peculiarly within the defendant's knowledge, was entitled to examine the defendant before the trial as to those matters, but not to examine him with regard to the details of the profits;

That if the defendant should stipulate that there were profits the examination would be confined to the eliciting of facts tending to prove the agreement.

APPEAL by the defendant, John W. Gates, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of May, 1900, denying the defendant's motion to vacate an order for his examination before trial.

The complaint herein alleges that the plaintiff and the defendant, with others, entered into an agreement to endeavor to bring about the formation of a corporation and the purchase by it of certain factories, any profits accruing from such efforts to be divided among the parties to the agreement; that the plan was carried out by the organization of a corporation which acquired the properties intended, and the defendant realized out of the transaction large profits, for which he has never accounted to the persons interested. Judgment is asked that he account to the plaintiff and pay to him his proportionate share of the profits. The answer denied that there was any such agreement as stated in the complaint.

The plaintiff then made application for the examination of the defendant before trial, alleging that he is a non-resident, and that his testimony is material and necessary to show that the agreement mentioned was made, and that profits were realized in carrying it

out, which matters were peculiarly within the knowledge of the defendant, who retained all the reports in his exclusive control. The order for the examination was thereupon granted. Subsequently the defendant moved to vacate the order, restating in his affidavit the denials of the answer, and showing that he lived in Chicago and could not well remain in New York to give the evidence asked for, and asserting that there are persons in this city familiar with the facts sought to be obtained. An answering affidavit by the plaintiff states that he endeavored to ascertain the information desired, but could find no one other than the defendant who has knowledge thereof. The motion to vacate the order was denied, and from the order so entered the defendant appeals.

*William D. Guthrie*, for the appellant.

*Edward B. Hill*, for the respondent.

O'Brien, J.:

Upon proving the agreement and that there were profits, the plaintiff would be entitled to the relief asked, namely, an accounting. If the action is not in fact by one partner against another, then, assuming that the allegations of the complaint can be sustained, it is so similar that the rules and methods of procedure adopted in partnership actions may be applied.

Here it is essential that the plaintiff should obtain the evidence necessary to prove the alleged agreement, and that out of the project to which it related profits arose; and upon establishing those facts he would be entitled to an interlocutory judgment for an accounting. It being shown by the affidavits that the evidence required to prove the primary facts relating to the agreement and the profits is peculiarly within the knowledge of the defendant, whose testimony — he being a non-resident — cannot with certainty be secured upon the trial, we think the plaintiff is entitled to an examination for the purposes stated, *i. e.,* to prove the agreement and resulting profits.

If the plaintiff does not succeed in proving these facts his complaint will be dismissed; but until he has shown upon the trial that

he is entitled to the relief demanded he should not be at liberty to examine the defendant with regard to the *details* of the profits; or, in other words, to have an accounting concerning profits which, as it may turn out, the defendant may have made in an enterprise in which the plaintiff has no interest. If the defendant will stipulate in a general way that there were profits, the particulars of which can be inquired into upon the accounting, should the plaintiff succeed in proving the agreement as alleged, then the order herein should be modified by confining the examination to the eliciting of facts tending to prove the agreement. Upon such a stipulation being given the order should be modified in accordance therewith, without costs to either party in this court, but upon the defendant's failure or refusal to give the stipulation, the order appealed from should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., RUMSEY, PATTERSON and McLAUGHLIN, JJ., concurred.

Upon defendant stipulating as stated in opinion, order modified as therein directed, without costs to either party; if such stipulation be not given, order affirmed, with ten dollars costs and disbursements.