YORK v. DICK.

(Supreme Court, Appellate Division, Second Department. May 31, 1901.)

DISCOVERY—DEFENDANT—EXAMINATION—RIGHT.

    Plaintiff and defendant agreed to co-operate in disposing of the European rights to a certain patent method of separating iron ores, defendant agreeing to furnish the money and make the negotiations, and plaintiff, who was a skilled engineer, agreed to advise defendant as to the value of the patents for one-third of the net profits. Plaintiff deposed that the agreement was made, and that defendant admitted that he organized a corporation to purchase the patent rights, and that, after paying the patentee and other expenses, he retained the balance of the stock himself.

*Held,* that an order reversing an order to examine the defendant before trial will be affirmed on defendant's stipulating that there were profits.

Appeal from special term, Kings county.

Action by James E. York against Herman E. Dick. From an order setting aside an order for the examination of defendant before trial, plaintiff appeals. Modified.

Plaintiff and defendant agreed to co-operate in an attempt to acquire and dispose of the European rights under a patent for the magnetic separation of iron ore. The plaintiff, who was an engineer, and skilled in the iron and steel business, agreed to assist the defendant by advice and instructions as to the iron and steel business and the value of the patents, and by writing reports on the subject. The defendant was to have control of acquiring the rights and of disposing of them, and was to furnish the money necessary to complete the transaction, and agreed to pay plaintiff one-third of the net profits of the enterprise.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Abel E. Blackmar, for appellant.

S. O. Edmonds, for respondent.

JENKS, J. If the action is not by one partner against another, it is so similar in its character that the rules and procedure applicable to partnership suits may be applied. Parks v. Gates, 54 App. Div. 512, 66 N. Y. Supp. 1034. The plaintiff does not show that he requires the testimony of the defendant, or any evidence in his control, to establish the alleged agreement. He deposes that the agreement was made, and that the defendant told him that he had organized the company in London, with a capitalization of $500,000, to take over the patent rights; that he was obliged to give up a majority of the stock to parties in England, and to pay $30,000 to Mr. Edison, retaining the rest himself; and that the defendant promised to give a statement, which afterwards he declined to furnish. If the plaintiff can establish a partnership, then he is entitled to an accounting. On the other hand, he can testify to the agreement, and to the alleged admissions of the defendant. Such testimony, if believed, would seem to be sufficient to establish a prima facie case, provided there was proof of profits. So, in any event, the examination of the defendant is not necessary to the plaintiff, save upon that subject. I think that the rule of Parks v. Gates, supra, should apply, and I therefore advise that the order be affirmed, provided that the defendant stipulate in a general way that there were profits resulting from the disposal of the said patent rights, the particulars of which can be inquired into on the trial, provided the plaintiff make a case sufficient to warrant such inquiry. Upon such stipulation being given, the order should be affirmed, without costs to either party. But, if the defendant neglect or refuse to make such stipulation, the order must be reversed, with $10 costs and disbursements, and upon two days' notice this court will make such further order as may be proper in the premises. All concur.