### HAUSLING v. RHEINFRANK et al.

(Supreme Court, Appellate Division, First Department. April 14, 1905.)

1. PARTNERSHIP—TRANSFER OF INTEREST BY ONE PARTNER—ACTION TO CANCEL —ACCOUNTING—NECESSARY PARTIES.

   Plaintiff assigned his interest in a copartnership to one of defendants, who, together with plaintiff's two former partners and others becoming associated with them at the time, continued the business. · Held, that in an action against the old and the new partners to cancel the assignment on the ground that it was fraudulenly procured by the new partners, and requiring an accounting by all of defendants as of the date of the transfer, the old partners were necessary parties to any award of the relief demanded.

2. SAME—ORDER FOR EXAMINATION—MATERIALITY OF EVIDENCE.

   An examination of such former partners with a view to proving the value of the partnership property at the time of the transfer should not have been ordered, as such evidence would only become material on an accounting, should the transfer be set aside.

3. SAME—DECEASE OF ONE DEFENDANT—REVIVAL OF ACTION AGAINST REPRESENTATIVES.

   One of the new partners having died after joinder of issue, the action should have been revived against his representatives; it being essential to a complete determination of the issues that the equities of the former partners as against the new partners should be adjusted.

Appeal from Special Term, New York County.

Action by Ferdinand M. Hausling against John Rheinfrank and others. From an order denying their motion to vacate an order for the examination of certain defendants, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

L. Laflin Kellogg, for appellants.
Benjamin F. Spellman, for respondent.

LAUGHLIN, J.　On the 28th day of April, 1903, the plaintiff and the defendants Shede and Witz were copartners as dealers in second-hand building material; the interest of the plaintiff being two-thirds, and of each of the other partners one-sixth.　On that day the plaintiff, by an instrument in writing, transferred his interest in the copartnership assets and business to the defendant John Rheinfrank, Jr.　It is alleged in the complaint that from the time of the transfer said Rheinfrank, Jr., John Rheinfrank, and Katherine Hausling became associated with the plaintiff's former partners and continued the business.　The plaintiff also alleges that the consideration for the assignment was grossly inadequate; that at the time of its execution he was incompetent to transact business, and that his signature thereto was procured by duress of false and fraudulent representations made by the defendants other than his former partners, to the effect that they had in their possession evidence which, if made public, would ruin him among his social friends and in the business world, and that they would make it public if he did not execute the transfer.　Judgment is demanded canceling the assignment upon these grounds, and requiring an accounting by all of the defendants as of the date of the transfer, and that plaintiff be reinstated in his rights as a member of the firm.　The plaintiff obtained, ex parte, an order for the examination of the former partners, Shede and Witz, with a view to proving the value of the partnership property and assets at the time of the transfer.　Upon the return day of the order for the examination the defendants objected upon the ground that the order had been improvidently granted and on insufficient papers, and at their request the examination was adjourned to afford them an opportunity of making the motion to vacate the order.　The motion was then made upon the papers upon which it was granted, and upon an affidavit stating that the defendants desired to have the order vacated upon the ground that it was improvidently granted, and upon insufficient papers, for six specified reasons, in substance as follows:　(1) That rule 37 of the general rules of practice had not been complied with; (2) that the action had not been revived against the estate of John Rheinfrank; (3) that the order required the production of the books of the firm for inspection; (4) that it requires the examination of two witnesses on the same questions; (5) that the defendants sought to be examined are only nominal parties; and (6) that the facts to be elicited were exclusively the subject of expert testimony.　It is not contended on the appeal that the requirements of rule 37 have not been observed.

The order was not vacated, but it was modified by limiting the examination to one of the defendants, and by requiring the production of the books merely as auxiliary to the examination, and excluding expert testimony.　The defendants sought to be examined were not merely nominal parties, but necessary parties to any award of the relief demanded.　The evidence sought to be obtained, however, is not material to the main issue, but will only become material upon an accounting, should the plaintiff succeed in setting aside the transfer, and for this reason the examination should not have been ordered.　Parks v. Gates, 54 App. Div. 512, 66 N. Y. Supp. 534; York v. Dick, 61 App. Div. 620, 70 N. Y. Supp. 614.　The appellants, however, are probably

precluded from raising this point on appeal, since it was not raised at Special Term.

The respondent contends that it was unnecessary to revive the action against the personal representatives of the decedent, and that the plaintiff is at liberty to proceed against the other defendants, and compel them—other than the former partners—to account for the property, as wrongdoers. The difficulty with this contention, however, is that it is not alleged that the former partners were guilty of any wrongdoing, and, so far as appears, they are innocent parties. The fair inference from the allegations of the complaint is that they continued the copartnership business with the other defendants, and there is nothing therein to impeach their good faith. If the plaintiff succeeds in setting aside the transfer, the relief demanded will require not only that the wrongdoers account to the plaintiff for the property and profits as demanded, but will necessarily involve an accounting between them and the former partners. The former partners, if innocent, are entitled to full protection in their dealings and transactions with the other defendants until notice of the disaffirmance of the transfer. Their equities as against the new partners must be adjusted, and this is essential to a complete determination of the issues. The action should therefore be revived against the representatives of the deceased defendant, and it is manifest that any proceedings before that is done will be irregular, and not binding upon such representatives.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.