Ferdinand M. Hausling, Respondent, *v.* John Rheinfrank, Jr., Henry W. Shede, Frederick W. Witz and Katherine Hausling, Appellants, Impleaded with John Rheinfrank, Deceased.

*Action to set aside a transfer of an interest in a partnership business — examination of the former partners in an action seeking to set it aside because obtained by fraud — accounting premature until after the transfer is set aside — waiver of such objection — the legal representatives of the transferee, dying pending the action, are necessary parties.*

The complaint in an action brought against Henry W. Shede, Frederick W. Witz, John Rheinfrank, John Rheinfrank, Jr., and Katherine Hausling alleged that on April 28, 1903, the plaintiff and the defendants Shede and Witz were copartners; that on that day the plaintiff executed a written transfer of his interest in the copartnership business to John Rheinfrank, Jr.; that the consideration for such assignment was wholly inadequate; that at the time it was executed the plaintiff was incompetent to transact business and that his signature thereto was procured by duress of false and fraudulent representations made to the plaintiff by the defendants other than his former partners; that from the time of the execution of the assignment, John Rheinfrank, John Rheinfrank, Jr., and Katherine Hausling became associated with the plaintiff's former partners and continued the business.

The judgment demanded was for the cancellation of the assignment, and for an accounting by all the defendants as of the date of the assignment, and for the reinstatement of the plaintiff in his rights as a partner.

The defendant John Rheinfrank died after the joinder of issue and the action was not revived against his estate.

*Held*, that the plaintiff was not entitled to an order for the examination of one of his former partners with a view to proving the value of the partnership property and assets at the time of the transfer, for the reasons, *first*, that the evidence sought to be obtained by the examination would only become material upon an accounting, to which the plaintiff would not be entitled unless he succeeded in setting aside the transfer, and, *second*, because the nature of the relief asked in the complaint was such as to render it necessary to revive the action against the personal representatives of John Rheinfrank, deceased, before any proceedings could be taken in the action.

*Semble*, that the defendants, by failing to raise, at Special Term, the objection that the order was improper for the reason first above given, were precluded from raising such point on an appeal from such order.

Appeal by the defendants, John Rheinfrank, Jr., and all the other defendants except John Rheinfrank, who died after the joinder of issue and against whose estate the action has not been revived, from an order of the Supreme Court, made at the New York Special Term, and entered in the office of the clerk of the

county of New York on the 10th day of February, 1905, denying in part the said defendants' motion to vacate an order for the examination of the defendants Shede and Witz before trial.

*L. Laflin Kellogg,* for the appellants.

*Benjamin F. Spellman,* for the respondent.

LAUGHLIN, J. :

On the 28th day of April, 1903, the plaintiff and the defendants Shede and Witz were copartners as dealers in second-hand building material, the interest of the plaintiff being two-thirds and of each of the other partners one-sixth. On that day the plaintiff, by an instrument in writing, transferred his interest in the copartnership assets and business to the defendant John Rheinfrank, Jr. It is alleged in the complaint that from the time of the transfer said Rheinfrank, Jr., John Rheinfrank and Katherine Hausling became associated with the plaintiff's former partners and continued the business. The plaintiff also alleges that the consideration for the assignment was grossly inadequate; that at the time of its execution he was incompetent to transact business and that his signature thereto was procured by duress of false and fraudulent representations made by the defendants, other than his former partners, to the effect that they had in their possession evidence which if made public would ruin him among his social friends and in the business world and that they would make it public if he did not execute the transfer. Judgment is demanded canceling the assignment upon these grounds and requiring an accounting by all of the defendants as of the date of the transfer and that plaintiff be reinstated in his rights as a member of the firm. The plaintiff obtained, *ex parte,* an order for the examination of the former partners Shede and Witz with a view to proving the value of the partnership property and assets at the time of the transfer. Upon the return day of the order for the examination the defendants objected upon the ground that the order had been improvidently granted and on insufficient papers, and at their request the examination was adjourned to afford them an opportunity of making the motion to vacate the order. The motion was then made upon the papers upon which it was granted and upon an affidavit stating that the defendants desired to have the order vacated upon the ground that it was improvidently granted and upon insufficient papers

for six specified reasons in substance as follows: (1) That rule 37 of the General Rules of Practice had not been complied with; (2) that the action had not been revived against the estate of John Rheinfrank; (3) that the order required the production of the books of the firm for inspection; (4) that it requires the examination of two witnesses on the same questions; (5) that the defendants sought to be examined are only nominal parties; and (6) that the facts to be elicited were exclusively the subject of expert testimony.

It is not contended on the appeal that the requirements of rule 37 of the General Rules of Practice have not been observed.

The order was not vacated, but it was modified by limiting the examination to one of the defendants and by requiring the production of the books merely as auxiliary to the examination and excluding expert testimony. The defendants sought to be examined were not merely nominal parties, but necessary parties to any award of the relief demanded. The evidence sought to be obtained, however, is not material to the main issue, but will only become material upon an accounting should the plaintiff succeed in setting aside the transfer, and for this reason the examination should not have been ordered. (*Parks* v. *Gates,* 54 App. Div. 512; *York* v. *Dick,* 61 id. 620.) The appellants, however, are probably precluded from raising this point on appeal since it was not raised at Special Term.

The respondent contends that it was unnecessary to revive the action against the personal representatives of the decedent, and that the plaintiff is at liberty to proceed against the other defendants and compel them, other than the former partners, to account for the property as wrongdoers. The difficulty with this contention, however, is that it is not alleged that the former partners were guilty of any wrongdoing and, so far as appears, they are innocent parties. The fair inference from the allegations of the complaint is that they continued the copartnership business with the other defendants and there is nothing therein to impeach their good faith. If the plaintiff succeeds in setting aside the transfer *the relief demanded* will require not only that the wrongdoers account to the plaintiff for the property and profits as demanded but will necessarily involve an accounting between them and the former partners. The former partners, if innocent, are entitled to full protection in their dealings and transactions with the other defendants until notice of the dis-

FIRST DEPARTMENT, APRIL, 1905.              . [Vol. 103.

affirmance of the transfer.    Their equities as against the new partners must be adjusted, and that is essential to a complete determination of the issues.    The action should, therefore, be revived against the representatives of the deceased defendant ; and it is manifest that any proceedings before that is done will be irregular and not. binding upon such representatives.

It follows, therefore, that the order should be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and McLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.