(128 App. Div. 420.)

### THOMPSON v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, Fourth Department.  November 25, 1908.)

1. INSURANCE (§ 668*) — LIFE INSURANCE — REPRESENTATIONS AS TO HEALTH—
FRAUD—QUESTIONS FOR JURY.

Where insured, an epileptic, on applying for a life policy, told the insurer's agent that he had fits, describing the marked features of the disease and the frequency of the seizures, the question whether he was guilty of fraud in failing to disclose the precise kind of fits from which he suffered was for the jury.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 668.*]

2. INSURANCE (§ 665*) — LIFE INSURANCE — REPRESENTATIONS AS TO HEALTH—
FRAUD—SUFFICIENCY OF EVIDENCE.

Where insured in his application stated that he had never been under treatment in any dispensary, hospital, etc., the bare statement of plaintiff, the beneficiary, after the death of insured, in answer to the question whether deceased had ever been an inmate of or received treatment at any hospital, etc.: "Yes, about eight years, but do not remember what for"—was insufficient to sustain the imputation of fraud.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 665.*]

McLennan, P. J., dissenting.

Appeal from Trial Term, Cayuga County.

Action by William H. Thompson against the Metropolitan Life Insurance Company.  From a judgment in favor of defendant for costs after a dismissal of the complaint, plaintiff appeals.  Reversed, and new trial granted.

For prior report, see 99 N. Y. Supp. 1006.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, and KRUSE, JJ.

P. McLaughlin, for appellant.
John L. Hunter, for respondent.

SPRING, J.  On August 15, 1901, the defendant issued its policy of insurance upon the life of David H. Thompson, whereby it agreed to pay to the plaintiff the sum of $192 upon the death of the insured, if he complied with the conditions of the policy agreement.  The premium was 15 cents each week; and had been paid regularly to the time of the death of the insured, October 9, 1903.  This action is brought upon the insurance agreement to recover the sum stated, and the defendant has answered, charging that the insured was guilty of fraud in procuring the policy.

The policy was founded upon the application of the insured, although the statements contained in it are not warranties; and the policy expressly provides that the same shall be incontestable after two years, except "for fraud or misstatement of age."  As there is no claim of any misstatement of age, and more than two years elapsed after the issuance of the policy before the death of the insured, the only defense available to the defendant is that of fraud, and that is the defense set forth in its answer.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The policy provides that "no obligation is assumed by the company" unless at the time the policy is issued "the insured is alive and in sound health," and a like stipulation is embodied in the application signed by the insured.. The insured, at the time of the issuance of the policy and from early boyhood, was afflicted with epilepsy. The agent who procured the application to be signed and filled out knew the insured. Several witnesses testified that the insured informed this agent that he was subject to fits. One witness testifies:

> "He told the agent at that time about the kind of fits they were. I don't know whether or not he told the agent how often he had the fits. He said he had fits. He didn't tell what kind or how often he had them. He spoke about his having fits. Sometimes he would have them once a week, and sometimes once a month. I think he did tell the agent he had them once a week or once a month. Speaking of it quite often, I can't remember just exactly. I told him that, and I think Dave told him, too; but I won't be positive. He told him he had them quite a number of years. I don't know as he told him the number of years. I also told him he had had them for a number of years. I didn't say how many. He had them sometimes once a week and sometimes he wouldn't have them in two or three months, or four."

And this is substantially the testimony of the others. The agent solicited David Thompson for this insurance on at least two occasions, and each time was advised of the affliction from which he was suffering. The agent, however, insisted that Thompson was a proper subject for insurance, and the latter yielded to his persuasions, as he desired to be insured. The agent procuring the insurance was not sworn, and there is no controversy over the fact that he was apprised that Thompson was subject to fits.

The contention of the defendant is that the insured did not disclose the precise kind of fits from which he was suffering. The insured was a laboring man of limited mental capacity, and he would not be expected to distinguish the exact nature of his malady, and the proof is not satisfactory that he did fully comprehend it. We must bear in mind that the charge is that he was perpetrating a fraud on the defendant. His acquaintances generally knew of his affliction. The seizures came on suddenly and at times when he was on the street and in the presence of others. He could not conceal them if he would. It at least was for the jury to determine whether he honestly revealed his condition to the agent, who stood in place of the company. Sternaman v. M. L. Ins. Co., 170 N. Y. 13, 62 N. E. 763, 57 L. R. A. 318, 88 Am. St. Rep. 625. It was not for the court to decide as matter of law that the insured was guilty of fraud, in that he did not give the proper medical name of his malady to the agent. Foote v. Leary, 103 App. Div. 547, 93 N. Y. Supp. 169. As was said in Gray v. Richmond Bicycle Co., 167 N. Y. 348, at page 359, 60 N. E. 663, at page 666, 82 Am. St. Rep. 720:

> "Questions of fraud, above all others, are for the jury, and we think it was error for the trial court to withdraw the case from them, because there is a foundation in the evidence for a conclusion either way that would not shock the sense of a reasonable man."

He described the marked features of the disease and the frequency of the seizures, and the agent accepted him as a satisfactory applicant, notwithstanding the disclosures made.

In the questions put by the medical inspector of the defendant to David H. Thompson this appears:

"Q. Has said life ever been under treatment in any dispensary, hospital, or asylum, or been an inmate of any almshouse or other institution?  A. No."

The only proof of the incorrectness of this answer is contained in the statement of the plaintiff to the company after the death of the insured, as follows:

"Q. Had deceased ever been an inmate of or received treatment at any hospital, dispensary, or other institution?  If so, give full particulars.  A. Yes; about eight years, but do not remember what for."

And the plaintiff testified that he did not answer this inquiry.

Again, it is to be noted that the only escape from liability by the defendant is that the insured made a fraudulent misstatement.  The bare statement of the plaintiff referred to is not sufficient to sustain the imputation of fraud.  In any event, the facts should have been presented to the jury bearing upon the fraudulent character of this charge and of the answer given.  If it was not dishonest, the time for raising it as a defense has passed.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event.

Judgment and order reversed, and a new trial granted, with costs to the appellant to abide event.  All concur, except McLENNAN, P. J., who dissents, and ROBSON, J., not sitting.